# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA L. MYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-042-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The claimant Brenda L. Myrick requests review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. As discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on February 21, 1964, and was forty-three years old at the time of the administrative hearing. She has a high school education, emergency medical technician training (earning her license in 2005) and previously worked as a nurse's aide, nurse's assistant, fast food worker, home health aide, housekeeper, telephone solicitor, and janitor. The claimant alleges she has been unable to work since December 22, 2004, because of depression, carpal tunnel syndrome, tennis elbow, and back problems.

## Procedural History

The claimant applied on July 20, 2006 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Jodi B. Levine conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 8, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, she could lift/carry 10 pounds frequently and 20 pounds occasionally, and stand/walk/sit for 6 hours in an 8 hour workday, but needed to wear wrist braces or splints (Tr. 18). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a telephone solicitor and retail clerk (Tr. 23). The ALJ further concluded

that even if the claimant could not return to her past relevant work, she was nevertheless not disabled according to "the grids" based on her age, work experience, and RFC (Tr. 24). *See* 20 C.F.R. Part 404, Subpt. P, App. 2, Medical Vocational Rules 201.27, 201.28.

## Review

The claimant contends that the ALJ erred by failing to re-contact her treating physician, Dr. Shahnawaz Khan, for clarification of opinions that the ALJ found wanting. Because the ALJ failed to properly analyze not only Dr. Khan's opinions, but also those of all the physicians who evaluated the claimant, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). If for any reason a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [416.927]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. Applicable factors are: (i) the length of the treatment relationship and frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to

which the physician's opinion is supported by relevant evidence; (iv) the consistency between the opinion and the record as a whole; (v) whether the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinions entirely, he must "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The ALJ gave reasons supporting her implicit refusal give controlling weight to most of the opinions expressed by Dr. Khan, *e. g.*, the absence of any objective findings to support some of his diagnoses (Tr. 16). But the ALJ neglected to analyze and specify the proper weight to give Dr. Khan's opinions by applying the factors set forth in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See, e. g., Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § 404.1527."), *quoting Watkins,* 350 F.3d at 1300. Indeed, the ALJ neglected to analyze and specify the weight she assigned to any of the physician opinions in the medical record. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional.") [emphasis added], *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). This was important to do

here because the ALJ apparently accepted at least *some* of Dr. Khan's opinions, *e. g.*, those related to the claimant's carpal tunnel surgery, but rejected most of the others (Tr. 15-16). *See, e. g., Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."). The ALJ was likewise selective about the opinions of consultative physician Dr. Joseph Tran; she found Dr. Tran fairly persuasive on the claimant's physical limitations, but disregarded diagnoses of mental impairments as "based largely upon the claimant's subjective complaints." (Tr. 15). *See, e. g., Thomas v. Barnhart,* 147 Fed. Appx. 755, 759-60 (10th Cir. 2005) ("The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements. A psychological opinion need not be based on solely objective tests; those findings may rest either on observed signs and symptoms or on psychological tests."), *quoting Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir. 2004). The ALJ's nuanced approach here clearly called for more specificity as to the exact weight she assigned to each medical opinion in the case.

Because the ALJ failed to properly evaluate all the medical opinions in the record and specify the weight she was assigning to each, the decision of the Commissioner must be reversed and the case remanded for analysis by the ALJ. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**